1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10
11
12
13

| | |
|---|---|
| THOMAS P. HILL JR.,<br><br>                Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE INTERIOR, et al.,<br><br>                Defendants. | CASE NO. C12-6086 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AND DISMISSING COMPLAINT |

14
15
16
17

      This matter comes before the Court on Plaintiff Thomas P. Hill Jr.'s ("Hill"), motions to proceed in forma pauperis (Dkt. 1) and a to appoint counsel (Dkt. 2).  The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

18

### I.  PROCEDURAL AND FACTUAL HISTORY

19
20
21
22

      On December 27, 2012, Hill filed a motion to proceed in forma pauperis (Dkt. 1), a motion to appoint counsel (Dkt.2), and a complaint and with attachments (Dkts. 1-1-7). In his complaint, he identifies as defendants the United States Department of the Interior,

ORDER - 1

the Bureau of Indian Affairs and Cowlitz Indian Tribe ("Tribe"). Dkt. 1-1 at 1. Hill appears to take issue with the Tribe for allegedly attempting to acquire a piece of land in La Center, Washington, for the building of a casino. Dkt. 1-1 at 2. He also provides what seems to be some history about that parcel or another piece of land and how the Tribe acquired it. Dkt. 1-1 at 2-3. While it is not clear from his pleadings, Hill seems to allege that the land has increased in value and alleges that "tribal members running the tribe are under the original 1/16 blood quantum, excluding the Current Tribal Chairman who is 1/8." Dkt. 1-1 at 3. The relief Hill seeks is for the "court to ask congress to reassign the 1/16 blood quantum to be enrolled." *Id*. at 4. He also asks "they," presumably meaning Congress, "let a vote go through allowing David Barrett – a 2 time felon and ex-con full powers to run this new casino." *Id.*

## II. DISCUSSION

**A.     Standards for Proceeding In Forma Pauperis, Appointment of Counsel and Dismissal**

**1.   Proceeding In Forma Pauperis**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

### 2. Appointment of Counsel

Although a court can request counsel to represent a party proceeding in forma pauperis, the court may do so only in exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### 3. Dismissal

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is legally "frivolous" when it has no arguable basis in law or fact. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**B. Application of Standards**

Based on Hill's complaint and the attached submissions, the Court finds that he does not state a claim upon which relief can be granted. Though it is clear that Hill alleges most of the people running the casino do not fit into $1/16^{th}$ blood quantum, his allegations regarding those individuals' blood quantum or what appears to be acquisition

1  of additional land for a casino do not form a cognizable cause of action and have no
2  arguable basis in law or fact. Thus, they are legally "frivolous." *Franklin*, 745 F.2d at
3  1228. Additionally, the Court does not possess the authority or the jurisdiction to take
4  official action for the purposes of influencing congressional legislation to grant Hill the
5  relief he seeks. Hill has not stated any grounds upon which to invoke this Court's
6  jurisdiction.

7  Therefore, the Court dismisses the case for lack of jurisdiction and **DENIES** as
8  moot Hill's motions to proceed *in forma pauperis* (Dkt. 1) and to appoint counsel (Dkt.
9  2). The Clerk is directed to close this case.

Dated this 3rd day of January, 2013.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4